IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALVIN O. GRIFFIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-512-LPS |
| | : | |
| CAREER TEAM, | : | |
| | : | |
| Defendant. | : | |

Calvin O. Griffin, Bear, Delaware, Pro Se Plaintiff.

Geoffrey Graham Grivner, Esquire, Buchanan Ingersoll & Rooney P.C., Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

December 12, 2014
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Calvin O. Griffin ("Plaintiff") proceeds pro se and has paid the filing fee. He alleges employment discrimination in violation of 42 U.S.C. § 2000e-5 on the basis of gender. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's motion to dismiss for failure to prosecute. (D.I. 15) For the reasons that follow, the Court will grant the motion.

## II. BACKGROUND

Plaintiff filed his complaint on April 24, 2012. (D.I. 2) He alleges employment discrimination on the basis of gender when his employment was terminated by Defendant on March 15, 2010. On September 7, 2012, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to serve. (D.I. 6) Plaintiff sought additional time and Defendant was ultimately served on July 1, 2013, and answered the Complaint on August 12, 2013. Plaintiff has taken no action since April 26, 2013, when he sought the additional time to effect service upon Defendant. (D.I. 9)

Defendant moves for dismissal for failure to prosecute. (D.I. 15) Plaintiff did not file a response to the motion.

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted:

1

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to pursue discovery, coupled with the length of time that has already passed, impedes Defendant's ability to prepare its trial strategy.

As to the third factor, there is a history of dilatoriness given that Plaintiff failed to timely serve the Complaint and did not do so until he was warned the case would be dismissed. Even then,

2

the Complaint was not served until July 2013, more than a year after it had been filed. As to the fourth factor, because Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith, but notes that Plaintiff failed to respond to the motion to dismiss. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Plaintiff proceeds *pro se* and although he paid the filing fee, he sought, but was denied, *in forma pauperis*. Hence, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Court cannot determine this factor based upon a review of the pleadings and lack of discovery, but notes that it is Defendant's position that Plaintiff was terminated for reasons other than on the basis of gender.

Given Plaintiff's failure to take any action in this case since April 2013, his failure to pursue any discovery, and his failure to respond to Defendant's dispositive motion, the Court finds that the *Poulis* factors weigh in favor of dismissal.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to prosecute. (D.I. 15)

An appropriate Order follows.

3